**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

JULIA DES-OGUGUA,

    Plaintiff,

v.                                                                        Civil Action No. 2:11cv419

SAMUEL I. WHITE, P.C.,

    Defendant.

**DEFENDANT SAMUEL I. WHITE, P.C.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

Defendant, Samuel I. White, P.C. ("SIWPC"), by counsel, submits the following Answer to Plaintiff's Amended Complaint an Demand for Jury Trial (ECF ).

**INTRODUCTION**

1. The allegations contained in Paragraph 1 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

**JURISDICTION**

2. The allegations contained in Paragraph 2 of the Amended Complaint contain conclusions of law which require no Answer.

**PARTIES**

3. The allegations contained in Paragraph 3 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Amended Complaint are admitted to the extent that SIWPC maintains offices in Maryland, West Virginia, and Virginia. The remainder of the allegations contained in Paragraph 4 is denied.

5. The allegations contained in Paragraph 5 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

## STATEMENT OF FACTS

*Freddie Mac acquires Ms. Des-Ogugua's Mortgage Loan*

6. In Paragraph 6, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

7. The allegations contained in Paragraph 7 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

8. In Paragraph 8, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

9. In Paragraph 9, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

10. The allegations contained in Paragraph 10 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

11. The allegations contained in Paragraph 11 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

12. The allegations contained in Paragraph 12 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

13. The allegations contained in Paragraph 13 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

14. The allegations contained in Paragraph 14 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

16. In Paragraph 16, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

17. In Paragraph 17, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

19. The allegations contained in Paragraph 19 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

*Samuel I. White is a Debt Collector*

20. The allegations contained in Paragraph 20 of the Amended Complaint are denied as written.

21. The allegations contained in Paragraph 21 of the Amended Complaint are denied as written.

22. The allegations contained in Paragraph 22 of the Amended Complaint are denied as written.

23. The allegations contained in Paragraph 23 of the Amended Complaint are denied as written.

24. The allegations contained in Paragraph 24 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

25. The allegations contained in Paragraph 25 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

*Defendant's Initial Communications with Ms. Des-Ogugua*

26. In Paragraph 26, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

27. In Paragraph 27, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

28. In Paragraph 28, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

29. The allegations contained in Paragraph 29 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied to the extent they are contrary to law.

30. The allegations contained in Paragraph 30 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

31. The allegations contained in Paragraph 31 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

32. The allegations contained in Paragraph 32 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

33. In Paragraph 33, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

34. The allegations contained in Paragraph 34 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

35. The allegations contained in Paragraph 35 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied to the extent they are contrary to the law.

36. The allegations contained in Paragraph 36 of the Amended Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied.

37. In Paragraph 37, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

38. In Paragraph 38, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

39. In Paragraph 39, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

40. In Paragraph 40, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint contain conclusions of law which require no Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied to the extent they are contrary to the law.

43. In Paragraph 43, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

44.     The allegations contained in Paragraph 44 of the Complaint contain conclusions of law which require no Answer.  To the extent that this Honorable Court deems an Answer necessary, the allegations are denied to the extent they are contrary to the law.

45.     In Paragraph 45, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required.  To the extent Plaintiff's allegations vary from the documents, they are denied.

46.     The allegations contained in Paragraph 46 of the Amended Complaint refer to matters of public record, which speak for themselves, and therefore no response is necessary.  To the extent Plaintiff's allegations vary from the matters of public records, they are denied.

47.     The allegations contained in Paragraph 47 of the Amended Complaint are denied.

48.     In Paragraph 48, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required.  To the extent Plaintiff's allegations vary from the documents, they are denied.

49.     In Paragraph 49, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required.  To the extent Plaintiff's allegations vary from the documents, they are denied.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

50.     The allegations contained in Paragraph 50 of the Amended Complaint are denied.

51.     The allegations contained in Paragraph 51 of the Amended Complaint are denied.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

52.     The allegations contained in Paragraph 52 of the Amended Complaint contain recitations of prior allegations which require no separate Answer.  To the extent that this

Honorable Court deems an Answer necessary, the allegations are denied unless specifically admitted herein.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

54. The allegations contained in Paragraph 54 of the Amended Complaint are denied.

### Count III: Violations of the FDCPA, 15 U.S.C. § 1692f

55. The allegations contained in Paragraph 55 of the Amended Complaint contain recitations of prior allegations which require no separate Answer. To the extent that this Honorable Court deems an Answer necessary, the allegations are denied unless specifically admitted herein.

56. The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. In Paragraph 57, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the Amended Complaint are denied.

### PRAYER FOR RELIEF

SIWPC denies that Plaintiff is entitled to any of the relief sought in her "Prayer for Relief," including sub-paragraphs (1) through (5).

All allegations not specifically admitted herein are denied.

Defendant reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Defendant reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

1. Defendant asserts the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiff.

2. Defendant avers that all of the claims in Plaintiff's Amended Complaint fail to state a plausible claim against Defendant upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009). Defendant reserves the right to file a Motion to Dismiss the claims in Plaintiff's Complaint.

3. Defendant avers that it acted reasonably and prudently under the circumstances, in good faith and without malice or intent to injure Plaintiff.

4. Defendant asserts that Plaintiff's claims may be barred in whole or in part because Defendant it is exempt from the purview of the FDCPA as it was acting as a fiduciary at all pertinent times.

5. Plaintiff's alleged damages were caused by factors and conduct other than and unrelated to any conduct of Defendant.

6. Defendant avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any actual damages or other injury.

7. Defendant avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate her damages.

8. Defendant avers that it is not responsible for the conduct of originators, lenders, creditors, and/or servicers over whom Defendant had no responsibility or control.

9. Defendant avers that at all times its conduct was neither willful, wanton, nor reckless, and at all times Defendant acted innocently and without intent to injure Plaintiff.

10. Defendant reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses.

SAMUEL I. WHITE, P.C.

By:   /s/ John C. Lynch
        Of Counsel

John C. Lynch (VSB No. 39267)
Ethan G. Ostroff (VSB No. 71610)
Maryia Y. Jones (VSB No. 78645)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: ethan.ostroff@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Julia Des-Ogugua**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23908
E-mail: dale@pittmanlawoffices.com

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia 22030
E-mail: kkelly@siplfirm.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 201
Newport News, Virginia 23606
E-mail: lenbennett@cox.net

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 23606
E-mail: matt@clalegal.com

      /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

425089v1

11